UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Paul Marriott**, | ) | C/A No. **0:07-02916-HFF-BM** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT |
| | ) | AND |
| Mildred L. Rivera, Warden FCI Estill, | ) | RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| | ) | |

      Paul Marriott (Petitioner) is an inmate at the Federal Correctional Institution in Estill, South Carolina, and has filed this *habeas* action pursuant to 28 U.S.C. § 2241. Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

      This Court is required to liberally construe *pro se* documents; *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 520; and a federal district court is charged with construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the undersigned concludes that this petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in



a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

In 1998, Petitioner was sentenced by the United States District Court for the Eastern District of Tennessee to 20 years imprisonment for cocaine related offenses.  Petitioner appealed his conviction and sentence to the Court of Appeals for the Sixth Circuit, and the appeal was denied.  In June 2001, Petitioner filed a § 2255 motion in the Eastern District of Tennessee, and this motion was also denied.

In November 2003, Petitioner moved the Court of Appeals for an order authorizing a second or successive § 2255 motion.  The motion was denied in April 2004.  Petitioner then filed a motion in the Eastern District of Tennessee under § 1651, the All-Writs Act, seeking redress and release from custody pursuant to § 2241.  That motion was denied in January 2005.

Petitioner then filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania (Middle District of Pennsylvania) claiming he is "actually innocent" based on Supreme Court sentencing decisions and challenging the amount of cocaine used to determine his sentence.  The Middle District of Pennsylvania denied the petition in May 2005.  Petitioner now brings this § 2241 petition in this Court, again claiming that he is "actually innocent of the enhanced penalties imposed by the district court." (Pet. at 1.)  Petitioner seeks a reduction in his sentence from 20 years to 10 years.  (Pet. at 6.)

This action is subject to dismissal because a petition for habeas corpus under § 2241 is the "vehicle for challenging the execution, not the validity of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 130 (7th Cir. 1991). "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute...but instead must proceed under 28 U.S.C. § 2255."



*Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). Clearly, Petitioner is attacking his federal sentence as he seeks to be resentenced to a 10 year, rather than a 20 year, term.

Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners, which remains an option when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). However, the fact that a § 2255 motion previously filed by the petitioner has been denied does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d 1192, 1194 n 5 (4th Cir. 1997).

Petitioner has filed multiple motions and petitions regarding his 1998 convictions and sentence.[1] Previously, the Eastern District of Tennessee considered the merits of a motion filed by this Petitioner pursuant to § 2255 and denied him relief. *See Marriott v. USA*, No. 2:01-00172 (E. D. Tenn. June 26, 2002). Petitioner then filed a § 2241 petition in the Eastern District of Tennessee that was dismissed because he could not obtain an order from the Court of Appeals authorizing the filing of a successive motion to vacate his sentence under § 2255. *See Marriott v. Apker*, No. 2:04-00139 (E.D. Tenn. January 21, 2005). In the Middle District of Pennsylvania, Petitioner filed another § 2241 petition claiming actual innocence, and that petition was denied because "a § 2241

---

[1] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169 (10th Cir. 1979) (citations omitted). *See Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (citation omitted) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").

3



petition in the district of confinement would not be the appropriate procedural mechanism for raising the issue. In [Petitioner's] case, he must obtain leave of the Court of Appeals for the Sixth Circuit to file a § 2255 motion in the sentencing court." *Marriott v. Apker*, No. 1:05-0320 (M.D. Pa. May 12, 2005).

In his current Petition, Petitioner states that he is bringing this action pursuant to § 2241 because he is "actually innocent of the enhanced penalties imposed by the district court." (Pet. at 1.) Petitioner states that he "is innocent of receiving the 20 years mandatory minimum enhancement under § 851." (Pet. at 2.) Petitioner's bare allegations of actual innocence are insufficient to satisfy the inadequate and ineffective savings clause of § 2255. *See Rice v. Lamanna*, 451 F. Supp. 2d 755, 758-59 (D.S.C. 2006). Therefore, this petition for writ of habeas corpus under § 2241 should be dismissed because the Petitioner's claims regarding his federal sentence are cognizable under § 2255, not § 2241. Petitioner should not be allowed to bring this action in this Court styled as a § 2241 petition in order to circumvent the fact that he has not been granted authority to file a successive § 2255 motion in the sentencing court. *See* 28 U.S.C. §§ 2244; 2255.

### Recommendation

Accordingly, it is recommended that this § 2241 petition for a writ of habeas corpus be dismissed *without prejudice* and without service upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

4



Bristow Marchant
United States Magistrate Judge

September 6, 2007
Columbia, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

